UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVETTE FORTIER BLINE, | No.  2:25-cv-02318-JAM-JDP |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |
| MATTHEW D. ROGERS, et al., | |
| Defendants. | |

This matter is before the Court on Defendants County of Tehama, Matt Rogers, Dave Kain, Jeff Garrett, and Eric Clay's Motion to Dismiss Plaintiff Yvette Bline's Complaint.  ECF No. 9-1, Defendants' Memorandum of Points and Authorities ("Mot.").  Plaintiff filed an opposition to Defendants' motion (ECF No. 13 "Opp'n")), and Defendant filed a reply (ECF No. 15 ("Reply")).

For the reasons detailed below, Defendants' Motion to Dismiss is granted in part and denied in part.[1]  Defendants' unopposed Request for Judicial Notice is also granted.  See ECF Nos. 9-2, 14.

---

[1] This motion was determined to be suitable for decision without oral argument.  See ECF No. 18; E.D. Cal. L.R. 230(g).

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff's claims stem from her employment with the Tehama County Sheriff's Office, and a workers' compensation claim she made while serving as a Correctional Officer at the Tehama County Jail.  See Mot.; Opp'n; ECF No. 1, Compl. ¶¶ 3, 16, 44. Plaintiff alleges that because the costs associated with her workers' compensation claim "were escalating," and had exceeded "a half a million dollars," the named "Defendants[] decided to form a scheme to falsely accuse Plaintiff of Insurance Fraud to retaliate against her for exercising her statutory right to . . . Workers' Compensation benefits []."  Compl. ¶ 44.  This included the elected district attorney, Matt Rogers, a district attorney investigator, Eric Clay, the elected sheriff, Dave Kain, and his undersheriff, Jeff Garrett, conspiring to fabricate evidence and conduct an unlawful investigation that culminated in Plaintiff's arrest, criminal charges being filed, and false statements being made to the press about Plaintiff's criminal case, despite knowing "that [Plaintiff] was innocent."  E.g., id. ¶¶ 4-8, 51. The felony charged against Plaintiff, however, was dismissed by a judge following a preliminary hearing.  See Compl. ¶¶ 104-107, 115.  At that same hearing, the judge made a factual innocence finding.  Id.

Plaintiff's complaint includes eight causes of action.  The caption of Plaintiff's complaint lists six claims, but in the body of the complaint, Plaintiff brings eight causes of action, with two, separate third causes of action; those are: (1) "Conspiracy to Violate Civil Rights" (42 U.S.C. § 1983), against all defendants; (2) Deprivation of due process, liberty

2

and property interests "by Subjecting Plaintiff to Criminal Charges Based on Deliberately False Fabricated Evidence" (42 U.S.C. § 1983), against all defendants; (3) Unreasonable seizure (42 U.S.C. § 1983), against all defendants; (3) Malicious prosecution (42 U.S.C. § 1983, captioned as another, separate "Third Claim for Relief" in the Complaint), against all defendant except defendant Rogers; (4) "False Statements to the Media" (42 U.S.C. § 1983), against defendants Kain, Rogers, and Tehama County; (5) "Section 1983 Claim Against Local Governing Body Defendants Based on Acts of Final Policymakers," against defendant Tehama County; (6) "Section 1983 Claim Against Local Governing Body Defendants Based on Ratification," against defendants Rogers and Kain; and (7) a section 1983 claim for Plaintiff's "right to be Free from Governmental Action Taken to Retaliate Against Plaintiff for Her Exercise of Her First Amendment Right to Workers Compensation Benefits . . . ," against all defendants.  Defendants' motion targets the first, second, fourth, seventh, and both of the third causes of action.

II.   OPINION

A.   Legal Standard

A Rule 12(b)(6) motion challenges the sufficiency of a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  The motion may be granted only if "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).  The court assumes all factual allegations are true and "construe[s] them in the light most favorable to the

3

nonmoving party." Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995) (citing Everest & Jennings, Inc. v. Am. Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994)). That said, if the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). However, this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. Iqbal, 556 U.S. at 678. In the same vein, conclusory or "formulaic recitation[s] of the elements" do not alone suffice. Id. (internal quotations and citations removed). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In granting a motion to dismiss, a court must also decide whether to grant leave to amend. See Fed. R. Civ. P. 15. Leave to amend should be given freely where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Dismissal without leave to amend is proper only if "'the complaint could not be

4

saved by any amendment.'"   Intri-Plex Techs., Inc. v. Crest Grp., Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (quoting In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005)).

   B.   Analysis

   Starting with Defendants' Request for Judicial Notice, Plaintiff filed a statement of non-opposition to Defendants' request for the Court to consider the criminal complaint filed in Tehama County against Plaintiff.  ECF No. 9-2, 14.  Since "court filings and other matters of public record" may be judicially noticed, the Defendants' request is granted.  See Fed. R. Evid. 201; Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (citing Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360 (9th Cir.1998)).

   Turning to Defendants' motion, the Court addresses each of the Defendants' arguments in the order presented in their briefs, below, before addressing Plaintiff's failure to comply with the Court's Order regarding page limits.

   1.   First Cause of Action: Conspiracy

   Relying almost exclusively on Eleventh Circuit precedent, Defendants allege Plaintiff's conspiracy claim is barred by the intracorporate conspiracy doctrine, since "[d]efendants were all agents of [Tehama] County" and are therefore "legally incapable of colluding among themselves."  Mot. at 5-6.  Plaintiff opposes Defendants' motion, arguing Defendants' authority is inapposite since it generally analyzes 42 U.S.C. § 1985 claims and is not from the Ninth Circuit.  Opp'n at 6-9.

   Defendants' arguments are based on an oversimplification of

the intra- or intercorporate conspiracy doctrine, and the precedent cited by Defendants does not support its application at the motion to dismiss stage, especially within the Ninth Circuit.  Grider v. City of Auburn, Ala., 618 F.3d 1240 (11th Cir. 2010) is the primary case on which Defendants rely.  In Grider, the court applies the intracorporate conspiracy doctrine as part of its analysis regarding the application of qualified immunity at the summary judgment stage.  618 F.3d at 1259-63 (reviewing the district court's denial of qualified immunity based on the plaintiff's malicious prosecution claim).  The Grider court cites and analyzes other precedent, none of which apply the doctrine at a motion to dismiss stage outside of the qualified immunity context.  Id. at 1261 (citing, e.g., Dickerson v. Alachua Cnty. Comm'n, 200 F.3d 761 (11th Cir. 2000) (appeal following a jury verdict, where the intracorporate doctrine was raised at summary judgment and post-verdict stages of the case); Chambliss v. Foote, 562 F.2d 1015 (5th Cir. 1977) (slip opinion affirming the grant of summary judgment)).

Although Defendants cite Armstrong v. Reynolds, 22 F.4th 1058 (9th Cir. 2022), which appears to briefly discuss and apply the intracorporate conspiracy doctrine, it relies on Nevada state law, appears to be an outlier case, is infrequently cited, and other, more recent Ninth Circuit cases do not follow or apply the intracorporate conspiracy doctrine at the 12(b)(6) stage as a bright-line rule broadly prohibiting any conspiracy claims involving county employees, as Defendants suggest.  See Lobato v. Las Vegas Metropolitan Police Department, No. 22-16440, 2023 WL 6620306 (9th Cir. Oct. 11, 2023) (acknowledging

6

the application of the intracorporate conspiracy doctrine at the summary judgment stage within a qualified immunity analysis); Long v. Weeks, 2024 WL 1672258 ("Appellants are entitled to qualified immunity on the conspiracy claim because it is not clearly established that the intracorporate conspiracy doctrine is inapplicable to Section 1983 claims."). The United States Supreme Court also acknowledged the split of authority across the county regarding the application on the intracorporate conspiracy doctrine as to § 1985 claims. See Ziglar v. Abbasi, 582 U.S. 120, 154-54 (2017) (including in its string cite "Bowie v. Maddox, 642 F.3d 1122, 1130–1131 (C.A.D.C.2011) (detailing a longstanding split about whether the intracorporate-conspiracy doctrine applies to civil rights conspiracies)"). Since Defendants have failed to demonstrate "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory," Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008), their motion to dismiss Plaintiff's first cause of action is denied.

    2.   Second and Both Third Causes of Action

Defendants move to dismiss Plaintiff's second and third causes of action, arguing they are barred by absolute prosecutorial immunity and because "independent prosecutorial judgment breaks the chain of causation . . . ." Mot. at 6-11. Though Plaintiff concedes a small portion of Defendants' acts fall within the absolute immunity doctrine, Plaintiff argues the vast majority of her claims do not and Defendants' arguments are unavailing as to causation. Opp'n at 9-15. The Court first addresses Defendants' absolute immunity arguments before turning

to causation.

The seminal Buckley case guides the Court's analysis as to the first portion of Defendants' motion.  Buckley v. Fitzsimmons, 509 U.S. 259 (1993).  In Buckley, the Supreme Court reiterated the parameters of absolute and qualified immunity for prosecutors.  "[A] state prosecutor ha[s] absolute immunity for the initiation and pursuit of a criminal prosecution, including the presentation of the state's case at trial," appearances at probable cause hearings, and acts "'intimately associated with the judicial phase of the criminal process,'" which also encompass "'actions preliminary to the initiation of a prosecution and actions apart from the courtroom.'"  509 U.S. at 269-274 (quoting Imbler v. Pachtman, 424 U.S. 409 (1976)).  As to Plaintiff's claims related to: (1)the preparation and filing of the criminal complaint; (2)the resulting prosecution and detention of Plaintiff; (3)eliciting or presenting false testimony or evidence at the preliminary hearing; and (4)a failure to disclose exculpatory evidence post-charging, Defendants are shielded by absolute immunity.  Id.; see also Friedman v. Younger, 282 F.Supp. 710, 714-16 (C.D. Cal. Mar. 27, 1968) (discussing the extension to conspiracies).  Since the application of absolute immunity in this context is clear, Defendants' motion is granted with prejudice as to these four specific acts.  Intri-Plex Techs., Inc. v. Crest Grp., Inc., 499 F.3d 1048, 1056 (9th Cir. 2007); Opp'n at pg. 10-11 ("Unfortunately, Rogers enjoys absolute immunity for [] charging Plaintiff . . . .").

Prosecutors and other public officials, however, are only

8

entitled to qualified immunity for a number of other acts. These include "[a] prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings," giving legal advice to police, and statements to the media. Buckley, 509 U.S. at 269-279 ("A prosecutor may not shield his investigative work with the aegis of absolute immunity merely because, after a suspect is eventually arrested, indicted, and tried, that work may be retrospectively described as "preparation" for a possible trial; every prosecutor might then shield himself from liability for any constitutional wrong against innocent citizens by ensuring that they go to trial. When the functions of prosecutors and detectives are the same, as they were here, the immunity that protects them is also the same.") (citing, e.g., Burns v. Reed, 500 U.S. 478 (1991) and Imbler, 424 U.S. at 430-31, n.33). Although Defendants attempt to couch Rogers' legal advice during the investigation and statements to the media as either within his advocacy function, or as generally insufficient to state a claim, it is clear these types of acts are not protected by absolute immunity and can substantiate the causes of action presented by Plaintiff. Id.; see also Caldwell v. City and County of San Francisco, 889 F.3d 1105, 1112-18 (9th Cir. 2018). Accordingly, as to any claims or acts outside of those covered by absolute immunity, Defendants' motion is denied.

Turning to Defendants' arguments regarding causation, in the Ninth Circuit, "[t]o establish causation, [a plaintiff] must [show] the fabricated evidence was the cause in fact and

9

proximate cause of his injury. [] Like in any proximate cause analysis, an intervening event may break the chain of causation between the allegedly wrongful act and the plaintiff's injury." Caldwell v. City and County of San Francisco, 889 F.3d 1105, 1115 (9th Cir. 2018) (citing Beck v. City of Upland, 527 F.3d 853, 862 (9th Cir. 2008) (internal and other citations omitted). Although Defendants rely on Caldwell, their arguments are unavailing since Caldwell supports the denial of their motion. As the Ninth Circuit clarified: "As to what constitutes an injury, a § 1983 plaintiff need not be convicted on the basis of the fabricated evidence to have suffered a deprivation of liberty—being criminally charged is enough." Caldwell, 889 F.3d 1105, 1115 (9th Cir. 2018). And, "[d]eliberately fabricated evidence in a prosecutor's file can rebut any presumption of prosecutorial independence." Id. at 1116. Since Plaintiff has made allegations in this case that include deliberately fabricated evidence led to her arrest, prosecution, and overnight stay in jail, among other things, Defendants have failed to demonstrate her claims are foreclosed based on a theory of lack of causation; simply because Plaintiff was charged, it does not prohibit the possibility of the deprivations Plaintiff suffered from being linked to the alleged acts occurring before criminal charges were filed. Cf. id. at 1112-18. Accordingly, Defendants' motion to dismiss is denied on this basis.

      3.    Fourth Cause of Action: False Statements to Media

Starting with Plaintiff's claims under the Fourteenth Amendment, Defendants argue since Plaintiff has failed to

demonstrate "not only 'the utterance of a statement "sufficiently derogatory to injure his or her reputation, that is capable of being proved false'" but also that the statement caused 'a deprivation of a legal right or status,' beyond reputational harm," this cause of action must be dismissed. Mot. at 12 (quoting Sadallah v. City of Utica, 383 F.3d 34, 38 (2d Cir. 2001) (other citations omitted)).  Plaintiff counters that Defendants' statements were "slander per se," and therefore, her allegations withstand Defendants' motion.  See Opp'n at 16-17.

     "The procedural due process rights of the Fourteenth Amendment apply only when there is a deprivation of a constitutionally protected liberty or property interest."  WMX Technologies, Inc. v. Miller, 197 F.3d 367, 373 (citing Board of Regents v. Roth, 408 U.S. 564, 569 (1972)).  Defamation alone is typically not actionable under section 1983 vis-a-vis the Fourteenth Amendment.  See id. ("The Supreme Court made clear in Paul v. Davis, 414 U.S. 693 [] (1976) that reputation alone is not an interest protected by the constitution."); accord Sadallah v. City of Utica, 383 F.3d 34, 38 (2d Cir. 2004) ("Defamation, however, is an issue of state law, not federal constitutional law, and therefore provides an insufficient basis to maintain a § 1983 action." (citing Paul v. Davis, 424 U.S. 693, 699-701 (1976)).  As Defendants correctly note, when making allegations, like Plaintiff's here, one must demonstrate a "state right or status was removed or significantly altered." WMX, 197 F.3d at 373-74; accord Sadallah, 383 F.3d 34, 38 (2d Cir. 2004) ("The state-imposed burden or alteration of status

must be 'in addition to the stigmatizing statement.' [] Thus, even where a plaintiff's allegations would be sufficient to demonstrate a government-imposed stigma, such defamation is not, absent more, a deprivation of a liberty or property interest protected by due process.") (quoting Doe v. Dep't of Public Safety ex rel. Lee, 271 F.3d 38, 47 (2d Cir. 2001) (overruled on other grounds) and citing Siegert v. Gilley, 500 U.S. 226, 233 (1991)); Mot. at 11-13; Reply at 4-5.

Plaintiff has failed to make a connection between the alleged "slander per se," and a constitutionally recognized deprivation actionable under section 1983.  Plaintiff's reliance on Buckley is misplaced, since, as argued by Defendants, the Court focused on the issue of absolute versus qualified immunity, and did not make the findings Plaintiff suggests; Buckley does not support a denial of Defendants' motion.  See Mot. at 11-13; Opp'n at 16-17; Reply at 5 (citing Buckley, 509 U.S. 259 (1993) ("Buckley was a prosecutorial immunity case, and did not address whether media statements alone can state a valid basis for Constitutional liability.")).  Plaintiff's claims are insufficiently pled to support her cause of action under section 1983 and the Fourteenth Amendment for alleged "False Statements to the Media," since Plaintiff has not pled facts substantiating "a deprivation of any 'liberty' or property' recognized by state or federal law . . . without due process." Paul v. Davis, 424 U.S. 693, 710-711 (1976); see also WMX, 197 F.3d at 373

Plaintiff's claims under the Fourth Amendment fail for the same reason.  Plaintiff has not "demonstrate[d] that the [D]efendant[s'] conduct was the actionable cause of the claimed

injury." Bearchild v. Cobban, 947 F.3d 1130, 1150 (9th Cir. 2020) (noting actual and proximate causation are required showings in a § 1983 action); Mot. at 11. Plaintiff's argument, that Defendants are liable based on other theories, does not create a stand-alone cause of action. See Opp'n at 15-16. Accordingly, Plaintiff's fourth cause of action is dismissed in its entirety, without prejudice. Foman v. Davis, 371 U.S. 178, 182 (1962) (leave to amend should be given freely where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . .").

### 4. Seventh Cause of Action: First Amendment Retaliation

Defendants argue Plaintiff's seventh cause of action must be dismissed because Plaintiff failed to allege facts substantiating an essential element of a First Amendment retaliation claim; specifically, Plaintiff has not demonstrated she was petitioning on a matter of public concern. Mot. at 14-15; Reply at 5-6. Plaintiff avers the standard cited by Defendants is incorrect, arguing instead that she "alleged sufficient facts showing Defendants retaliated against her for exercising her right to seek redress through the California Workers' Compensation system." Opp'n at 19-20.

In order to state "a claim of retaliation for the exercise of constitutionally-protected rights, [a court] must consider: (1) whether the plaintiff was engaged in an activity that is entitled to constitutional protection; (2) whether her exercise

13

of the constitutionally-protected right was a 'substantial' or 'motivating' factor in the defendant's action; and (3) whether the defendant has established that it would have taken the same action in the absence of the protected conduct."  Rendish v. City of Tacoma, 123 F.3d 1216, 1219 (9th Cir. 1997) (quoting Gillette v. Delmore, 886 F.2d 1194, 1197 (1994)) (other citations omitted).  In the Rendish case, cited by Defendants, the Ninth Circuit clarified that "a public employee's speech must involve a matter of public concern," in order "to be protected by the First Amendment."  123 F.3d at 1219 (citing Connick v. Myers, 461 U.S. 138 (1983)).  Though "a public employee does not relinquish First Amendment rights . . . by virtue of government employment, [a]t the same time, the State's interest in regulating the speech of its employees differs significantly from its interest in regulating the speech of its citizenry."  Id. (quoting Connick, 461 U.S. at 140) (internal quotations and citations omitted).

Plaintiff's reliance on precedent regarding a prisoner's right to file grievances is misplaced, especially since it involves a discreet and separate application of certain section 1983 principles that only apply to inmates.  See Opp'n at 19-20; Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (discussing certain rights that are "[o]f fundamental import to prisoners," and couching its analysis "within the prison context . . . .").  The allegations in Plaintiff's complaint are that she was "engaged in her constitutionally protect[ed] right to obtain Workers['] Compensation benefits," and Defendants' actions were aimed to prevent or chill Plaintiff from exercising

14

this claimed right, as well as other county employees.  See Compl. ¶ 138.  The Court agrees that, as presently alleged, "Plaintiff's workers compensation claims and benefits pertained solely to her own medical needs and advanced only her private interests, rather than matters of general public concern."  Mot. at 15.  Although Plaintiff's complaint includes language regarding Defendants' actions having a chilling effect on other County of Tehama employees, it is conclusory and there are no other facts or allegations presented by Plaintiff supporting this assertion; nor has Plaintiff presented any precedent demonstrating her claim involves a matter of public concern. Accordingly, Defendants' motion to dismiss Plaintiff's seventh claim is granted.  However, given the allegation regarding the chilling of other employees, the Court grants Defendants' motion without prejudice.  See Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

### 5.   Page Limit Order

The Court's Order regarding filing requirements delineates a 15-page limit for all memoranda in support of and in opposition to motions, other than motions for summary judgment. ECF No. 7-2. Plaintiff's Opposition is 20 pages.  Accordingly, Plaintiff's attorneys are ordered to pay monetary sanctions of $250 ($50 per page over the 15 page limit) to the clerk of court no later than April 27, 2026.

### III.   ORDER

For the reasons set forth above, the Court GRANTS IN PART and DENIES in part Defendants' Motion to Dismiss:

1.   Defendants' motion is denied as to Plaintiff's first

15

cause of action;

2.    Defendants' motion is granted, with prejudice, as to claims in the second and third causes of action barred by absolute prosecutorial immunity, as detailed above;

3.    Defendants' motion as to the second and both third causes of action is otherwise denied;

4.    Defendants' motion is granted as to Plaintiff's fourth cause of action, without prejudice; and

5.    Defendants' motion is granted as to Plaintiff's seventh cause of action, without prejudice.

Counsel for Plaintiffs are ordered to pay $250 to clerk of court no later than April 27, 2026.

Lastly, if Plaintiff elects to attempt to amend Counts Two, Four, Seven, and both Counts currently captioned as Count Three, she shall file her amended complaint within twenty days of the date of this Order. Defendants shall file their response to the amended complaint within twenty days thereafter.

IT IS SO ORDERED.

Dated: April 7, 2026

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE

16